UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| JEFFREY YOUNG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CAUSE NO:    3-13-cv-71-H |
| | ) |
| AVERITT EXPRESS, INC., | ) |
| | ) |
|     Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Jeffrey Young ("Young"), by counsel, against Defendant, Averitt Express, Inc. ("Defendant"), for violating the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 et. seq., Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., as amended, and the Kentucky Civil Rights Act.

II. PARTIES

2. Young, at all times relevant to this litigation, resided within Hardin County, which is within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a corporation that maintains offices and conducts business in the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 12117 and 42 U.S.C. § 2000e-5(f)(3).

5. Young's state law claim arises from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A), 42 U.S.C. § 2000e(b) and KRS344.030(2).

7. At all times relevant to this action, Young was an "employee" as that term is defined by 42 U.S.C. § 12111(4), 42 U.S.C. § 2000e(f) and KRS344.030(5).

8. Young has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

9. Young is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8) and KRS 344.040(1).

10. Young exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of his Notice of Right to Sue.

11. A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Kentucky; therefore, venue is proper in this Court.

## IV. Factual Allegations

12. Defendant hired Young as a Truck Driver on or about September 20, 2010.

13. During all relevant time periods, Young met or exceeded Defendant's legitimate performance expectations.

14. On or about April 4, 2011, David (Last Name Unknown), a maintenance worker, pantomimed masturbating in front of Young.

15. Following this incident, the Maintenance Worker and Brian Wilson, Dispatcher, told others that Young was gay and enjoyed looking at male's penises and balls.

16. On May 16, 2011, Young was dispatched for a load assignment to pick up at Anheuser Busch in St. Louis, Missouri between 9am and 3pm. The pick-up was to be delivered to a distribution warehouse in Louisiana, approximately 600 miles away, by 6am on May 17, 2011. Meanwhile, Young had to make a delivery to Pacific, Missouri after the Anheuser Busch pick up, which was approximately 40 miles away. After making this delivery, Young would have only had approximately five hours of drive time left under the Department of Transportation guidelines to make the approximate ten hour trip to Louisiana. Such a run would put Young in violation of the number of hours he could continuously drive under the Department of Transportation guidelines. As such, Young refused to take the run.

17. On the following day, Young complained to Defendant that he felt that he was being retaliated against for refusing to take the illegal run. In addition, he

3

complained about the rumors that were being spread by Wilson and the Mechanic and told dispatch, "I'm not gay, Brian, as they have told you and all of the people in [Louisville] who keep looking at me funny."

18. As a result, Defendant took Young out of service and forced him to write a complete statement regarding his allegations that he had been harassed.

19. Young dutifully complied with Defendant's request. He described that it appeared to him that several employees at Defendant harassed him based on their knowledge of an incident that occurred while Young was stationed at Camp Al Taquddum in Iraq while working for Kelloggs Brown & Root ("KBR"). Essentially, in Iraq, Young was unmercifully teased after an individual spread an untrue rumor that he liked to look at "man balls." Afterward, other individuals stationed at Camp Al Taquddum perpetuated the harassment by making gestures that would require him to look at that area of their bodies. Young described for Defendant the incident involving Wilson and the Maintenance Worker, where the Maintenance Worker "walked toward [him] with his hands in his pockets while moving his hands up/down real fast for about 10 seconds."

20. Defendant did not investigate Young's complaint of sexual harassment.

21. Instead, Defendant took Young out of service indefinitely and required him to have a fitness for duty exam.

22. On June 16, 2011, Young underwent a "fitness for duty" exam with Dr. Newkirk, who had been hired by Defendant. Dr. Newkirk recommended that Young undergo a mental health exam with a psychiatrist because of concerns with a

4

possible thought disorder. Dr. Newkirk recommended that Young not be returned to commercial driving until after said exam was completed.

23. Following May 18, 2011, Young repeatedly inquired with Defendant about the status of its investigation into his complaints as well as his ability to return to work. Defendant never provided him with an update on its investigation into his concerns.

24. Throughout the summer of 2011, there were openings for Dock Workers at Defendant's Louisville facility. Young requested to be placed into a non-driving position; however, Defendant refused to engage in the interactive process to determine whether a reasonable accommodation existed for Young that would allow him to continue working.

25. On or about August 8, 2011, Young filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission against Defendant.

26. Defendant refused to explain to Young why he could not return to work and refused to set up an appointment for Young to see a psychiatrist. Finally, Young saw a psychiatrist on October 25, 2011 and November 4, 2011 at a hotel. The psychiatrist found that "[s]ince there are no other findings to support a diagnosis of other psychotic disorders we will consider this case as one of a Delusional Disorder." The psychiatrist instructed Young to share his report with his employer and to leave the decision as to whether he may return to work up to his employer.

27. Defendant refused to allow Young to return to work as a Commercial Driver. Moreover, Defendant failed to engage in the interactive process to ascertain whether there was a reasonable accommodation for Young.

28. On December 14, 2011, Defendant terminated Young's employment for "absenteeism".

## V. LEGAL ALLEGATIONS

### COUNT I-DISABILITY DISCRIMINATION

29. Paragraphs one (1) through twenty-eight (28) of Young's Complaint are hereby incorporated.

30. Defendant violated Young's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. and the Kentucky Civil Rights Act by discriminating against him because of his actual or perceived disability.

32. Defendant's actions were intentional, willful and in reckless disregard of Young's rights as protected by the ADA.

33. Young has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II- TITLE VII – SEX HARASSMENT

34. Paragraphs one (1) through thirty-three (33) of Young's Complaint are hereby incorporated.

35. Young was sexually harassed in an unwelcome manner that unreasonably interfered with and created a hostile work environment.

36. Defendant failed to take effective remedial action in response to the sexual harassment.

37. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. and the Kentucky Civil Rights Act.

38. Defendant's actions were willful, intentional, and done with reckless disregard of Young's civil rights.

39. Young suffered damages as a result of the Defendant's unlawful actions.

### COUNT III- RETALIATION

40. Paragraphs one (1) through thirty-nine (39) of Young's Complaint are hereby incorporated.

41. Young engaged in a protected activity when he complained about what he reasonably believed to be sexual harassment and, later, filed a Charge of Discrimination.

42. Defendant retaliated against Young by placing him out of service and terminated his employment.

43. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq. and the Kentucky Civil Rights Act.

44. Defendant's actions were willful, intentional, and done with reckless disregard of Young's civil rights.

45. Young suffered damages as a result of the Defendant's unlawful actions.

## COUNT III- RETALIATION FOR REFUSING TO ENGAGE IN UNLAWFUL ACTIVITY

46. Paragraphs one (1) through forty-five (45) of Young's Complaint are hereby incorporated.

47. Young engaged in a protected activity when he refused to violate the Department of Transportation regulations to take a run requested by Defendant.

48. Defendant retaliated against Young for refusing to engage in an unlawful activity.

49. Young suffered damages as a result of the Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jeffrey Young, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for Defendant's unlawful employment actions, or award him front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity;

4. Pay to Plaintiff punitive damages for Defendant's violations of the ADA and Title VII;

5. Pay to Plaintiff pre- and post-judgment interest;

  6.  Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

  7.  Provide any further equitable relief this Court sees fit to grant.

          Respectfully submitted,

          s/ Andrew Dutkanych
          Andrew Dutkanych (Atty No. 91190)
          BIESECKER DUTKANYCH & MACER, LLC
          411 Main Street
          Evansville, Indiana 47708
          Telephone: (812) 424-1000
          Facsimile: (812) 424-1005
          Email: ad@bdlegal.com

          *Attorney for Plaintiff, Jeffrey Young*

## DEMAND FOR JURY TRIAL

  The Plaintiff, Jeffrey Young, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

          Respectfully submitted,

          s/ Andrew Dutkanych
          Andrew Dutkanych (Atty No. 91190)
          BIESECKER DUTKANYCH & MACER, LLC
          411 Main Street
          Evansville, Indiana 47708
          Telephone: (812) 424-1000
          Facsimile: (812) 424-1005
          Email: ad@bdlegal.com

          *Attorney for Plaintiff, Jeffrey Young*